# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2083 | **DATE** | 6/16/2009 |
| **CASE TITLE** | Williams vs. Ivery, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [34] is granted. Plaintiff's amended complaint [33] is dismissed against Officer Ivery, and against the City of Chicago. Defendant Dzekunkas is also dismissed, though Plaintiff may file suit against Dzekunkas in state court. This case is terminated.

■[ For further details see text below.]

Docketing to mail notices.
* Mail AO 450 Form

## STATEMENT

Plaintiff's complaint was dismissed on April 1, 2009, by the court for failing to comply with Rule 8 of the Federal Rules of Civil Procedure—namely, the court could not understand the claims being presented by Plaintiff Williams. The amended complaint is clearer, but remains legally deficient.

Plaintiff is suing Officer Ivery and the City of Chicago Police Department for failing to issue a police report, Officer Ivery for failing to identify himself to Plaintiff and for attempting to cover up a robbery that occurred, whereby items were stolen from Plaintiff's storage locker at "once life storage now call[ed] Simply storage." Am. Compl. 2. Unfortunately for Plaintiff, it is not a violation of a person's civil rights if a police officer refuses to do an action which is discretionary, that is, which the officer is not legally required to do. Nor must an officer provide protection to a private citizen if the officer did not create the harm in the first place. This is what the Supreme Court instructed in *DeShaney v. Winnebago County*, 489 U.S. 189 (1989). The court is aware of no general duty to issue a police report, though Plaintiff would have been able to file a police report himself about the incident if he needed to do so. Nor does Plaintiff provide any reason in the complaint to believe that the police officers were helping to cover up the robbery—the only thing Ivery did was decline to give a police report, and decline to identify himself. The refusal to identify is certainly troubling as a policy matter, but does not present a constitutional violation. The claims against Ivery and the police department are dismissed.

Plaintiff also appears to present claims against the storage facility for theft of property. The court declines to rule on those claims, for they are state law claims, properly brought in state court. They do not present a federal law or constitutional law violation, and the court declines to exercise its authority to hear state law matters under its supplemental jurisdiction, given that there remains no federal issue in this case. *See* 28 U.S.C. § 1367. Those matters are dismissed without prejudice; if Plaintiff wishes to do so, he may file an action in state court against the private defendant and/or the storage company.